## SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

FILED IN OFFICE
CLERK SUPERIOR COURT
NEWTON COUNTY GEORGIA

2011 JUL 25   AM 10: 36

REC'D IN : K_____
PAGE#_____
DATE_____
LINDA _____ CLERK

James R. Coles;

**Plaintiffs**

v

Bank of New York Mellon as Trustee,
For CIT Mortgage Loan Trust 2007-1,
Vericrest Financial (CIT Group/Consumer
Finance, Inc,;
Daniel K Barbagelata, McCurdy & Candler
Attorney In Fact,

**Defendants**

CIVIL ACTION
*2011-1836-3*

FILE NO:
_____

Demand a Jury Trial

---

## MOTION FOR TEMPORARY
## RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION

COMES NOW, Plaintiff James R. Coles and files *Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction Verified Complaint for Declaratory Relief, Injunctive Relief, and Wrongful foreclosure, Fraud, Breach of Contract, Damages and punitive Damages and set aside payment of rent based on there were no evidence of value in area of rental property provided to court by Defendants.* Pursuant to Uniform Court Rules 6.7,[1] and O.C.G.A. §9-11-65(b) against the listed Defendants.

---

[1] U.S.C.R. Rule 6.7: "…judge may shorten or waive the time requirement applicable to emergency motions; the motion shall set forth in detail the necessity for such expedited procedure."

1

**EXHIBIT A**
**PAGE 3**

## PARTIES TO THE ACTION

1.  James R. Coles, at all times relevant has resided at 50 Oakmont Lane, Covington, GA 30016 in Newton County.

2.  Defendant Bank of New York Mellon as Trustee for CIT Mortgage Loan Trust 2007-1 is a banking corporation, Trust, Security Services, and Treasury Services. They are located 1633 Broadway, 48th Floor, New York, NY 10019

The Bank of New York, Mellon can be properly served with process through **McCurdy & Candler 3525 Piedmont Road, NE Bldg. 6 Ste. 700, Atlanta GA 30305** their contact will be Daniel k. Barbagelata. The registered Agent for Vericrest Financial is CT Corporation System, 1201 Peachtree St. Atlanta, GA 30361. Vericrest Financial is located 2711N. Haskell Avenue, Suite 2150, Dallas TX 75204

3.  Plaintiff James R. Coles, Ex- Military from the Navy and Army man who is know driving trucks across the country as an owner operator who resides at 50 Oakmont Lane Covington, GA 30016.

## FACTS

**The Bank of New York Mellon Corporation** (NYSE: BK) is a global financial services company formed on July 1, 2007 as result of the merger of The Bank of New York and Mellon Financial Corporation.[1] The company employs more than 48,000 staff worldwide and has over US$ 1.2 trillion in assets under management and $25.5 trillion in assets under custody and administration.[2] It operates in six primary financial services sectors including asset management, asset servicing, wealth management, broker-dealer and advisory services, issuance services, and treasury services.[3] It is the oldest banking corporation in the United States, tracing its origins to the establishment of the Bank of New York in 1784 by Alexander Hamilton.

## BRIEF BACKGROUND

2

**EXHIBIT A
PAGE 4**

4.  Plaintiff executed a Security Deed with an 80/20 <u>Adjustable Note</u> on March 28, 2005 loan numbers are 05030311 & 05030310 for the property at 50 Oakmont Lane Covington, GA 30016 with Wilmington Finance, a division of AIG Federal Savings Bank 3015 Windward Plaza, Suite 150, Alpharetta, GA 3005.

## INTRODUCTION

1.  In this action, Plaintiff seeks *inter alia*, an injunction of eviction/ dispossessory proceedings, based upon Defendant's failure to comply with <u>statutory prerequisites to foreclosure</u>, and a determination of the validity of a foreclosure sale held in violation of statutory requirements, together with <u>damages and other relief.</u>

2.  Georgia has longstanding, statutorily prescribed non-judicial procedures by Power of Sale with minimal consumer protections for homeowners.  <u>O.C.G.A. §44-14-162 et. seq</u>.

3.  The law is clear, however, that entities foreclosing upon homeowners **must**[2] *strictly* comply with Georgia's statutory prerequisites to foreclosure.  <u>O.C.G.A. §23-2-114</u>.  Among other things, it is black-letter law that the entity seeking to foreclose **must have actual legal authority to exercise the Power of Sale**.

4.  Many foreclosing entities, including Defendants, have dispensed with this fundamental requirement.  Such entities foreclose through their Counsel, without having first obtained proper and **legally valid assignment** of the mortgage and the power of sale, such as in this case.

5.  Georgia's foreclosure process has become undisciplined, and lawless. Many foreclosures are plainly void under statute and Georgia case law, many borrowers

---

[2]  Whenever in a rule, or statute, there has been used, an unmistakably mandatory character, it is required that certain procedures "*shall*," "*will*," or "*must*" be employed; the court has no discretion to act in a different manner, and often the mandatory character creates a liberty interest. *Hewitt v Helms,* 459 US 460 - Supreme Court 1983 @ 871; see also *Russ v. Young*, 895 F.2d 1149, 1153 (7th Cir.1990), See also *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).; "use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected liberty interest." *Verrett v. Stempson*, 623 A. 2d 120 - DC: Court of Appeals 1993

**EXHIBIT A
PAGE 5**

never obtain **accurate statutorily required notices**, have flawed and fraudulently created assignments of title and thus are sold, and sometimes, resold without a proper chain of title, and ·foreclosed on homes whose mortgages have been satisfied, or eliminated. Plaintiff seeks relief for the Defendant's actions in the wrongful foreclosure.

6.      James R. Coles property Deed was duly recorded in the Official Record of Newton County in Deed Book 1881, Page 96-115.

7.      The Commodore property Deed is duly recorded in the Official Record of Newton County.

8.      At all times since recordation of Plaintiff's Deed(s), the loan has been with Wilmington Finance until 02/02/2007: and the Plaintiff's contact information has remained the same.

9.      The Defendants knowingly, willingly, and wantonly acted in bad faith and with blatant disregard of Plaintiff's property Rights, Federal Law and Georgia Statutes in an attempt to perpetrate a fraud, and wrongfully foreclose upon subject real property. The Defendant decided to become the servicer by violating RESPA Section 6. Although Wilmington Finance doesn't service their own loans, the Plaintiff **NEVER** received a notice from Wilmington Finance stating they would not be servicing the loan. In stead, the Plaintiff only received information from CIT Group Consumer Finance Inc. According to RESPA Disclosure in his closing package, the Plaintiff should have received a letter not less than 15 days from the current servicer effective date introducing the new servicer. The Plaintiff didn't know his rights at the time so he began paying CIT Group Consumer Finance Inc. without validating their claim on his account. On February, 02, 2007 CIT Group Finance Inc. decides to finally make their claim on the Plaintiff property officially and recorded a fraudulent Assignment of Mortgage in Superior Court Clerk Office. The assignment notary and the alleged signature for Wilmington Financial Inc are scribbled and they both look a like. In addition, the notary stamp isn't clear. The most shocking feature on the assignment is a number added on the top left side under the address to record return. It's the loan number from Vericrest Financial Inc. The Plaintiff account had not been establish with Vericrest Financial as of yet therefore why would the account number be located on an assignment allegedly dated March 29, 2005 but filed 02/02/2007.

4

**EXHIBIT A**
**PAGE 6**

10.    The conclusion is the Assignment is fraudulent because there is NO connection to Vericrest Financial to the Plaintiff account on March 29, 2005. Therefore, they had to create the assignment close to the 02/02/2007 date not on March 29, 2005. Vericrest Financial never had servicing rights or ownership rights on the Plaintiff house prior to purchasing assets from CIT Group/Consumer Finance, Inc. CIT had already

sold the house into the stock market under CIT Mortgage Loan Trust 2007-1 and the

SEC File # 333-132123-03. The Plaintiff house had been converted into a stock and it's NO longer a loan. Therefore, Vericrest Financial created a fraudulent assignment naming Bank of New York Mellon as Trustee filed on 04/30/2010. **Furthermore, the Plaintiff never agreed to have ANY lender to assign his loan to a Trustee. According to the contract he agreed to assign to Lender to Lender successors ONLY.**

This is another deliberate fraudulent act on the Defendants behalf attempting to pre-set the moment to take the Plaintiff's property.

11.    In addition, the Plaintiff believes his loan was a breach of contract since his **Variable Rate Mortgage Program Disclosure** states he should receive a Interest Only for 3/6 MO LIBOR ARM, the first five years Interest-Only Payments fixed for 3 years. The Note and Adjustable rate states the interest rate will go up in 2 years not 3 years. Furthermore, the Plaintiff was away in Iraq from 07/2007-10/2009 and when he returned he was 3 or 4 months behind. In addition, he was not working any longer. Vericrest Financial was the alleged new servicer once Plaintiff returned from Iraq. He was trying to obtain assistance or a special forbearance from Vericrest Financial until he found a job. They were unwilling to work with him so he contacted NACA for assistance.

12.    The Plaintiff received a job but was forced to file a Chapter 13 to avoid the first foreclosure so his family would have a place to stay. The foreclosure was filed on April 16, 2010. Next, Vericrest Financial committed another fraud on the Plaintiffs title they filed a Foreclosure law suit and they were not legally on title and, once they realized the title issue is when they created another fraudulent assignment. Please refer to **U.S. Bank N.A. v. Ibanez and Wells Fargo Bank NA (Massachusetts 2011)**. This case states the lenders was not on title at the time of default nor were they on title when they

**EXHIBIT A
PAGE 7**

filed the foreclosure. The Plaintiff would also like for the Defendants to <u>produce the</u> <u>NOTE with a notarized allonge showing the transaction of purchase or assignment as</u> <u>proof of</u> ownership to service his account.

**Defendants have executed a Notice of Default and Notice of Sale under Power,** **without providing Plaintiff proper Notice as required by Georgia law**

13.     Plaintiff was notified by NACA that his house was in foreclosure a few days before the foreclosure.

14.     The Defendant attempted to send the foreclosure sale notice to the Plaintiff however it never was delivered to his home.

15.     The Plaintiff received the notice by fax from the law firm handling the foreclosure a few days leading to the foreclosure on June 7, 2011.

16.     The attorney provided a tracking number for the delivery by United States Postal Service. The Plaintiff contacted the US Postal Service and they stated there was an error on their part because the item was never scanned for delivery. Their records show **NO attempts were ever made to deliver the package**. It was mailed back to the sender as Unclaimed.

17.     The Plaintiff contacted the Consumer Affairs at the Post Office and they provided a letter apologizing for their error and hoped the mortgage company would accept the letter as proof that the package never made it to his home.

18.     The Defendants stated they would not rescind the foreclosure because they sent the notice. The Plaintiff faxed and sent the letter received from the post office to Defendants through certified mail.

19.     The Plaintiff stated in writing to the Defendant their violating Code Section 44-14-162.2 because the receipt which was required by law doesn't acknowledge any attempts being made by the post office. <u>The law requires the lender to obtain</u> <u>receipt as proof the package made it to the homeowner's residents successfully</u>. For example, if the post office successfully delivered the package and left a receipt at the homeowner resident; and the homeowner failed to pick up the

**EXHIBIT A**
**PAGE 8**

package from post office. Then the homeowner could not claim they didn't receive the package because they simply failed to pick it up from the post office.

20.    The plaintiff NEVER received the package and a letter is attached as *Exhibit A*

219.   Defendants' attempt to foreclose upon the subject properties violates OCGA § 44-14-162(b).

21.    Notice requirements of O.C.G.A. § 44-14-162 were changed from 15 days to 30 days May 13, 2008 When Governor Perdue signed into law Senate Bill 531, a copy of information concerning SB531 is attached hereto as *Exhibit B*

22.    Defendants neglected to provide Plaintiff "Notice of Default and Notice of Sale under Power" prior to running the Legal Notice ads.

23.    Defendants' actions violate Plaintiff's Rights to make requests under The Fair Debt Collection Practices Act.

24.    These Defendants knowingly, willingly, wantonly, fraudulently and illegally continued to pursue the Sale under Power in direct violation of the Fair Debt Collection Practices Act, Section 809(b):

> **The Fair Debt Collection Practices Act, Section 809(b):**
>
> (b) "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

25.    Plaintiff has never been supplied with proper evidence that Vericrest Financial and Bank of New York Mellon is the legal holder of the mortgage(s). In spite of the letters mailed certified and notarized to the Defendants which also violates RESPA Section 6.

**EXHIBIT A**
**PAGE 9**

26.    There has been no further mortgage, security deed, assignment, lien contract, transfer or conveyance recorded for the subject properties.

27.    Defendants' attempt to foreclose upon the subject residential property violates OCGA § 44-14-162(b).

> OCGA § 44-14-162(b) [3]:
> "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

28.    There is no Note on the Official Record to secure the above referenced Security Deed(s).

29.    To date, Defendants have knowingly, willingly, and wantonly failed to adhere to the mandates of Federal and state law which would have alerted Plaintiff to properly request Vericrest Financial and Bank of New York Mellon (Trustee) to produce the promissory note.

30.    To date, nothing has been presented to Plaintiff to indicate that Vericrest Financial and Bank of New York Mellon (Trustee) is legally no longer the loan holder.

31.    Allowing the Sale under Power to be completed, would not only expose Plaintiff to potentially ruinous financial liability, but would also be a direct violation of The Due Process Clause, and numerous Constitutional guarantees concerning property.

## MEMORANDUM OF LAW IN SUPPORT OF TRO  and/or
## PRELIMINARY INJUNCTION

Plaintiff Mr. Coles incorporates fully and by this specific reference the statements in paragraphs 1 through 22 of this Petition/Complaint as if stated fully herein.

"A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive, unlike other motions, because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." Focus Entertainment International,

---

[3] OCGA § 44-14-162(b).amended by 2008 Ga. Laws 576, OCGA § 1, eff. 5/13/2008, see Exhibit A

**EXHIBIT A**
**PAGE 10**

Inc., v. Partridge Greene, Inc. (253 Ga. App. 121) (558 SE2d 440) (2001).

The Focus Court went on to explain that foreclosure is one such instance which "injunction is appropriate" because "when an interest in land is threatened with harm", "such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed." See the following:

> "(a) Land, under Georgia law, is deemed sufficiently unique that it is entitled to equitable remedies to protect such interest in land. Rife v. Corbett, 264 Ga. 871 (455 SE2d 581) (1995) (injunction to protect an easement); Benton v. Patel, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987) (injunction to stop foreclosure); Black v. American Vending Co.; 239 Ga. 632, 634 (2) (238 SE2d 420) (1977) ("the law regards as sufficiently unique that equity will enforce a contract for [land] sale or lease"); Clark v. Cagle, 141 Ga. 703, 705-706 (1) (82 SE 21) (1914) (specific performance of contract to sell land). Therefore, when an interest in land is threatened with harm, equitable injunctive relief is appropriate, because such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed. See generally Central of Ga. R. Co. v. Americus Constr. Co., 133 Ga. 392, 398 (65 SE 855) (1909) (irreparable injury defined to enjoin a nuisance); see also Roth v. Connor, 235 Ga. App. 866, 868-869 (1) (510 SE2d 550) (1998) (property interests of grantor and others in restrictive covenants for their benefit)."

Plaintiff has made a showing that without an Emergency Order granting a Temporary Restraining Order or Preliminary Injunction, Plaintiff will be irreparably harmed. Further, Plaintiff's Petition is Verified, Plaintiff has shown the court, that had he have not been properly, legally Noticed before foreclosure actions began, he would have taken the proper steps to prevent such action.

In times such as now, with mortgage fraud at the highest level in history, there has to be some evidence presented to you before you start paying them instead of the entity your loan originated with.  Plaintiff been denied his Rights to notify "the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any

9

**EXHIBIT A**
**PAGE 11**

copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."[4]

O.C.G.A.. §9-11-65 allows the Court to grant such Orders without notice to opposition in certain circumstances.

> O.C.G.A. §9-11-65
> (b) Temporary restraining order; when granted without notice; duration; hearing; application to dissolve or modify.
> "A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if:  (1) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and (2) ... certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required."

Further, because Defendants would be required to cease all foreclosure proceedings until such time as the debt were validated; and Plaintiff Mr. Coles is ignorant of the true identity of the actual holder in due course with Vericrest Financial and Bank of New York Mellon (Trustee).  Therefore, allowing the Sale under Power to be completed would expose Plaintiff to potentially ruinous financial liability in the event that the actual holder in due course should one day make a claim upon the Note.

<u>**CONCLUSION AND PRAYER FOR RELIEF**</u>

Plaintiff Mr. Coles incorporates fully and by this specific reference the statements in paragraphs 1 through 22 and all paragraphs contained within Plaintiff's Memorandum of Law as if stated fully herein.

---

10

**EXHIBIT A**
**PAGE 12**

Plaintiff in this matter have approached the Defendants in the proper

manner as required by law in a good faith attempt to remedy what could result in the loss of Plaintiff's property through no fault of his own.   The Defendants on the other hand, refused to adhere to the mandatory state and federal laws that would have allowed Plaintiff to make requests for documented evidence of their claims, blatantly showing bad faith, and a healthy lack of respect for the laws of this state.

[1] Fair Debt Collection Practices Act, Section 809(b)

Plaintiff has shown that Defendants violated Plaintiff Mr. Coles rights under the Fair Debt Collection Practices Act thereby entitling Plaintiff Mr. Coles to all appropriate relief provided for by statute.

Plaintiff has shown that Defendants violated Plaintiff Mr. Coles rights under OCGA § 44-14-162. (b)  Thereby entitling Mr. Coles to all appropriate relief provided for by statute.

Plaintiff Mr. Coles regrets the emergency nature of this petition and prays the Courts GRANT the following relief:

(a)    GRANT an Emergency Temporary Restraining Order and/or Preliminary Injunction to prevent the foreclosure of Plaintiff Mr. Coles properties.

(b)   COMPEL Production of the Original Promissory Note(s).

(c)   COMPEL proof of any assignments, lien or any other instrument that proves any claims by any alleged holders in due course.

(d)   COMPEL validation of the alleged Debt

(e)   COMPEL verification of the loan number and the use of the correct loan number in any proceeding henceforth.

(f)    Compel compliance with OCGA § 44-14-162. (b).

(g)   GRANT Plaintiff Mr. Coles all court costs and court related fees.

**EXHIBIT A**
**PAGE 13**

(h)   GRANT Plaintiff Mr. Coles damages and punitive damages of $600,000.

(I)   Grant Plaintiff Mr. Coles a STAY on paying rent to the court.

(J)   GRANT Plaintiff Mr. Coles any and all other and/or further relief allowed by law and/or which this Court deems just and proper.

Respectfully submitted this 29th day of July, 2009

By: _____

James R. Coles, Pro Se
50 Oakmont Lane
Covington GA 30016
770-896-8838

12

**EXHIBIT A**
**PAGE 14**

FILED IN OFFICE
CLERK SUPERIOR COURT
NEWTON COUNTY GEORGIA

2011 JUL 25  AM 10: 36

REC'D IN _____
PAGE# _____
DATE _____
LINDA Y. HAYS, CLERK

## VERIFICATION

I, Plaintiff James R. Coles, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify in this matter.   My person and my property are in danger of immediate and irreparable injury, and loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and I hereby Certify, that the facts set forth regarding all matters stated in the above paragraphs are true and correct, therefore since this is an Emergency Petition further notice should not be required.   I have read the foregoing pleading, the facts stated therein are from first hand knowledge and are true and correct to the best of my knowledge and belief.

This 22th day of July, 2011

_____
James R. Coles

Subscribed and sworn to before me,
This day   25 Th July 2011

Seal

_____ Notary Public
My Commission Expires:   Aug 25, 2012

CLIFTON ORIN MAPP
NOTARY
EXPIRES
GEORGIA
AUGUST 25, 2012
PUBLIC
ROCKDALE COUNTY

13

**EXHIBIT A**
**PAGE 15**


**UNITED STATES**
**POSTAL SERVICE**

## FACSIMILE COVER LETTER

PLEASE DELIVER THE FOLLOWING PAGES

TO:  .MR. JAMES COLES      DATE:  JUNE 22, 2011

FAX:   770-783-8557

FROM:      ANGELA BATEMON
           CONSUMER AFFAIRS
           (404) 765-7702

NUMBER OF PAGES (INCLUDING COVER):   2

COMMENTS:
                PLEASE COMPLETE THE FORM AND FAX IT TO:

ATLANTA CONSUMER AFFAIRS
U.S. POSTAL SERVICE
3900 CROWN ROAD SW
ATLANA, GA 30304-9631

FAX

# EXHIBIT A
# PAGE 16

ATLANTA DISTRICT
CONSUMER AND INDUSTRY CONTACT


**UNITED STATES**
**POSTAL SERVICE**

June 21, 2011

Mr. James Coles
50 Oakmont Lane
Covington, GA  30016-6634

Dear Mr. Coles:

This will serve as a follow-up to your recent conversation with Angela Batemon of our Consumer Affairs Office.

I was disappointed to learn of the situation you have encountered with your mail service. It is my understanding that on May 9, 2011, a First Class Certified Mail letter, article number 7190 0007 0770 0000 4288, was mailed to you at 50 Oakmont Lane, Covington, Georgia 30016. You stated that you never received a notice informing you that the letter was available for pick up at the Covington Post Office. You also stated that the letter contained foreclosure documents from your mortgage company. Please be assured that this occurrence is not typical of the service we normally provide, and we are very concerned with your report.

According to our Track/Confirm database, the certified letter arrived at the Covington Post Office on May 13, 2011 at 8:13 a.m.; on June 9, 2011 the item was scanned as "Unclaimed" at 5:02 p.m. According to the Post Office Manual, the carrier must leave a notice if the certified article cannot be delivered for any reason. Unfortunately, we have no record showing that we attempted to deliver the letter prior to June 9, 2011. Management has been provided a copy of your report for review and necessary action.

While I realize that an apology is no substitute for good service, please accept ours in the spirit in which it is being offered. It is my hope that this letter will be of assistance in explaining this unfortunate incident to your mortgage company.

Sincerely,

Kim D. Nguyen
Manager, Consumer and Industry Contact

3900 CROWN ROAD, SW
ATLANTA, GA 30304-8631
WWW.USPS.COM
(404) 765-7702
FAX: (404) 765-7494

**EXHIBIT A**
**PAGE 17**

08 SB531/AP

Senate Bill 531

By: Senators Hamrick of the 30th, Orrock of the 36th, Brown of the 26th, Chance of the 16th,

Thompson of the 5th and others

**AS PASSED**

AN ACT

To amend Article 7 of Chapter 14 of Title 44 of the Official Code of Georgia Annotated,

relating to foreclosure on mortgages, conveyances to secure debt, and liens, so as to require a

foreclosure to be conducted by the current owner or holder of the mortgage, as reflected by

public records; to provide for the identity of the secured creditor to be included in the

advertisement and in court records; to change the requirement for mailing or delivery of notice

to debtor for sales made under the power of sale in a mortgage, security deed, or other lien

contract; to provide for the content of such notice; to provide for related matters; to provide an

effective date; to repeal conflicting laws; and for other purposes.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF GEORGIA:

**SECTION 1.**

Article 7 of Chapter 14 of Title 44 of the Official Code of Georgia Annotated, relating to

foreclosure on mortgages, conveyances to secure debt, and liens, is amended by revising Code

Section 44-14-162, relating to manner of advertisement and conduct necessary for validity for

sales made on foreclosures under power of sale, as follows:

"44-14-162.

(a) No sale of real estate under powers contained in mortgages, deeds, or other lien contracts

shall be valid unless the sale shall be advertised and conducted at the time and place and in

the usual manner of the sheriff's sales in the county in which such real estate or a part thereof

**EXHIBIT A**

**PAGE 18**

is located and unless notice of the sale shall have been given as required by Code Section 44-14-162.2. If the advertisement contains the street address, city, and ZIP Code of the property, such information shall be clearly set out in bold type. In addition to any other matter required to be included in the advertisement of the sale, if the property encumbered by the mortgage, security deed, or lien contract has been transferred or conveyed by the original debtor to a new owner and an assumption by the new owner of the debt secured by said mortgage, security deed, or lien contract has been approved in writing by the secured creditor, then the advertisement should also include a recital of the fact of such transfer or conveyance and the name of the new owner, as long as information regarding any such assumption is readily discernable by the foreclosing creditor. Failure to include such a recital in the advertisement, however, shall not invalidate an otherwise valid foreclosure sale.

(b) The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

## SECTION 2.

Said article is further amended by revising Code Section 44-14-162.2, relating to sales made under the power of sale, mailing or delivery of notice to debtor, and procedure, as follows:

"44-14-162.2.

(a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a

commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.

(b) The notice required by subsection (a) of this Code section shall be given by mailing or ✳ ✳ ✳ ✳ delivering to the debtor a copy of the notice of sale to be submitted to the publisher."

## SECTION 3.

This Act shall become effective upon its approval by the Governor or upon its becoming law without such approval.

## SECTION 4.

All laws and parts of laws in conflict with this Act are repealed.

This information is provided in electronic format by the Georgia general Assembly as a public service. This information does not constitute an official record of the General Assembly and no warranty or guarantee of any kind is provided.

### Pro Se Affidavit

FILED IN OFFICE
CLERK SUPERIOR COURT
NEWTON COUNTY GEORGIA

2011 JUL 25   AM 10: 35

REC'D ___
DATE ___
LINDA ___ ___

1. Does an attorney at law represent you in connection with this matter, even if his or her name does not appear on the pleadings?
   ( ) yes          (X) no

2. Did any person assist you in the preparation and/or typing of these pleadings?          ( ) yes          (X) no

3. If the answer to question 2 is yes, what is the name, address, and telephone number of each person who assisted you in the preparation and or typing of these pleadings:

   Name    _____
   Address _____

   Phone # _____

4. Did you pay a fee or any form of compensation to any of the persons named above?          ( ) yes          (X) no

5. If you answer yes to question 4 is yes, how much did you pay each person named above?
   $ _____ paid to _____
   $ _____ paid to _____

I hereby swear and affirm that the answers given to the above questions are true and correct:

_____
Plaintiffs Signature

James P. Coles
50 Oakmont Lane Covington Ga. 30016
Address and phone #

Sworn and subscribed before me
This 25 day of July, 2011
_____
Notary Public

**EXHIBIT A**
**PAGE 21**

FILE IN OFFICE
CLERK SUPERIOR COURT
NEWTON COUNTY GEORGIA

2011 JUL 25   AM 10: 35

## AFFIDAVIT OF PLAINTIFF

RECD IN _____
PAGES _____
DATE _____
LINDA _____ CLERK

I, _Coles, James R._____, understand that I am choosing to represent myself without an attorney in front of the Newton County Superior Court. I hereby accept responsibility for knowing which dates my case is scheduled to appear on Civil Motions calendars and for notifying other parties if I or the Court have place the case on the calendar. I also understand that on each date my case appears on a Civil Motions Calendar, I, any Co-plaintiffs, and Defendants in my case are to be present at 9:15am in the Courtroom in the Newton County Judicial Center. I understand that if I do not appear, the Court reserves the right to continue my case from the calendar or dismiss it for lack of prosecution.

_____
Petitioner

Sworn and subscribed to me
This 25 day of _July_____, 20 11

_____
Notary Public

**EXHIBIT A**
**PAGE 22**



## VERIFICATION

CLERK'S OFFICE
CLERK SUPERIOR COURT
NEWTON COUNTY GEORGIA

2011 JUL 25   AM 10: 36

Personally appeared before me the undersigned officer duly authorized by

law to administer oaths, _____Coles, James R._____, who after being

duly sworn upon oath deposes and says that the facts stated in the above and foregoing

are true and correct to the best of his/her personal knowledge and belief.

_____
Signature of Petitioner

50 Oakmont Lane

Covington Ga. 30016

7-896-8838
_____
Address and Telephone Number

Sworn and subscribed before me

this 25 day of July, 20 11.

_____
Notary Public

My commission expires: 11-01-2014

**EXHIBIT A**
**PAGE 23**

# General Civil Case Filing Information Form (Non-Domestic)

**Court**            County  _Newton_           Date Filed _25 July 2011_
☐ **Superior**                                                MM-DD-YYYY
☐ **State**          Docket # _____

**Plaintiff(s)**                                    **Defendant(s)**

_Coles James    R._                                _The bank of New York Mellon_
Last   First   Middle I. Suffix Prefix   Maiden    Last   First   Middle I. Suffix Prefix   Maiden

_____                  _Vericrest Financial_
Last   First   Middle I. Suffix Prefix   Maiden    Last   First   Middle I. Suffix Prefix   Maiden

_____                  _____
Last   First   Middle I. Suffix Prefix   Maiden    Last   First   Middle I. Suffix Prefix   Maiden

_____                  _____
Last   First   Middle I. Suffix Prefix   Maiden    Last   First   Middle I. Suffix Prefix   Maiden

**No. of Plaintiffs** _1_                           **No. of Defendants** _2_

**Plaintiff/Petitioner's Attorney**    ☒ **Pro Se**

_____
Last            First          Middle I.   Suffix

**Bar #** _____

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or
   Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☒ Other General Civil Specify _Temporarily_
   _restraining order, and/or preliminary injunction_

## If Tort is Case Type:
### (Check no more than **TWO**)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes  ☐ No

**EXHIBIT A**
**PAGE 24**